■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD GREEN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Kramer, J.), entered October 11, 1985, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

While on patrol at approximately 2:40 A.M. on February 18, 1982, Police Officer Arthur Runnions and his partner were approached by a man who told them that three men who had previously robbed him at gunpoint were one block away at the

Carribean Bar. To verify this information the man produced a piece of paper indicating the robbery case number and the detective to whom this complaint had been assigned. The victim described the three perpetrators as male blacks, 25 to 30 years of age, one wearing a gray sheepskin coat, another wearing a brown sheepskin coat, and the third wearing a long light brown coat and a blue hat. The last man was also described as possibly armed because he had carried the gun during the prior robbery.

Within approximately five minutes of receiving this information, the police entered the bar and found only three men matching the victim's description of the three perpetrators. The police first noticed the two men in the gray and brown sheepskin coats, who were each removed from the bar by the officers. The police then spotted the defendant, who was wearing a long light brown coat and a blue hat, walking toward the restroom. The police followed the defendant into the restroom where he was inside a closed stall. They opened the door of the stall and observed that the defendant was carrying a gun.

Although the victim was unable to identify the defendant or the other men as the perpetrators of the earlier robbery, the defendant was charged with criminal possession of a weapon in the third degree. The defendant moved, *inter alia,* to suppress the gun and suppression was granted. We reverse.

Despite the defendant's reasonable expectation of privacy in the restroom stall *(see, People v Milom,* 75 AD2d 68, 70), the information received by the police from the victim, when coupled with their own observations, provided them with a reasonable basis to enter the stall and, upon observing the gun, they had probable cause to arrest the defendant *(cf. People v La Pene,* 40 NY2d 210). Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.